UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5511

GERRY LEE MCCOY, a/k/a Cookie,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-6139

GERRY LEE MCCOY, a/k/a Cookie,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-93-90-N, CA-94-957)

Submitted: October 31, 1996

Decided: January 14, 1997

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allan D. Zaleski, WEISBERG & ZALESKI, Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Fernando Groene,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Gerry Lee McCoy of conspiracy to distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994). McCoy did not timely file a notice of appeal. Instead, McCoy filed a motion to vacate, correct or set aside his sentence, pursuant to 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. In that motion, McCoy alleged that his counsel was ineffective due to a conflict of interest[1] and also for failing to file a notice of appeal on his behalf.

The district court found that, although there was no evidence of a conflict of interest, McCoy's counsel rendered ineffective assistance of counsel by failing to appeal. Therefore, the district court vacated the earlier judgment imposed on February 14, 1994, and reentered the same judgment in the case effective on January 6, 1995. McCoy timely filed a notice of appeal as to both his conviction (No. 95-5511) and the decision in his § 2255 action (presumably on the denial of his conflict of interest claim) (No. 95-6139). Finding no merit to any of McCoy's contentions on appeal, we affirm.

I.

McCoy first contends that the trial court abused its discretion in denying his motion for severance from his co-defendants. McCoy was tried with four co-conspirators in a fourteen-day trial with numerous witnesses, including law enforcement agents and dozens of co-conspirators. Many of the witnesses did not mention McCoy at all. Thus, McCoy asserts, the court's failure to grant severance resulted in the jury finding him guilty by association.

_____

[1] While McCoy had two attorneys (one retained and one appointed), he only alleged that his retained attorney had a conflict of interest.

2

Defendants charged in the same conspiracy normally should be tried together. <u>United States v. Brooks</u>, 957 F.2d 1138, 1145 (4th Cir.), <u>cert. denied</u>, 505 U.S. 1228 (1992). The strength of the Government's case against a co-defendant is not a reason for severance unless there is also a strong showing of prejudice. <u>Id.</u>

In his pre-trial severance motion, McCoy failed to make anything but general allegations of prejudice.[2] In addition, his acquittal on an aiding and abetting count demonstrates that he was not convicted simply because of his association with his co-defendants. Consequently, we find that the district court did not abuse its discretion in denying the severance motion.

II.

McCoy also asserts that much evidence was erroneously admitted, including testimony of robberies in furtherance of the conspiracy, prior bad acts of several witnesses, and hearsay, much of which had little or nothing to do with McCoy personally. The admission of evidence is committed to the discretion of the trial court and is not overturned on appeal absent irrationality or arbitrariness. <u>United States v. Bailey</u>, 990 F.2d 119, 122 (4th Cir. 1993); <u>see also United States v. Russell</u>, 971 F.2d 1098, 1104 (4th Cir. 1992) (district court's evidentiary rulings entitled to substantial deference on appeal), <u>cert. denied</u>, 506 U.S. 1066 (1993).

McCoy asserts that the cumulative effect of the admission of unreliable and irrelevant evidence was unduly prejudicial under Fed. R. Evid. 403. However, even if the district court erred in admitting the controverted testimony, McCoy's argument is without merit because the testimony, which only tangentially concerned McCoy, was not prejudicial. McCoy does not explain how testimony regarding the criminal activities of co-defendants and witnesses would have proven him guilty of drug trafficking beyond a reasonable doubt. Moreover,

_____

**2** In his pre-trial severance motion, McCoy contended only that his retained attorney needed more time to prepare and that an unnamed co-defendant might be a witness for him if he was granted a separate trial. McCoy does not reassert these claims on appeal, resting instead on contentions of prejudice.

any undue prejudice suffered by the admission of the evidence was obviated by the court's instructions to the jury that the Government had to prove every element of the charged offenses against each defendant beyond a reasonable doubt and that the jury was to consider the charges against each defendant separately. United States v. Mark, 943 F.2d 444, 449 (4th Cir. 1991).

III.

McCoy next asserts that the Government improperly bolstered the credibility of its witnesses by asking them repeatedly if they were telling the truth. We have generally held that it is error for the Government to bolster or vouch for its own witnesses. United States v. Samad, 754 F.2d 1091, 1100 (4th Cir. 1984). Vouching occurs

> when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of the witness. Consequently, the prosecutor may not, among other things, make explicit personal assurances that a witness is trustworthy or implicitly bolster the witness by indicating that information not presented to the jury supports the testimony.

United States v. Lewis, 10 F.3d 1086, 1089 (4th Cir. 1993) (citations omitted).

However, it is not improper bolstering for the Government to explain its investigation, procedures, or relationship with its witnesses. Id.; United States v. Evans, 917 F.2d 800, 809 (4th Cir. 1990), overruled on other grounds, United States v. Lancaster, ___ F.3d ___, 1996 WL 544462 (4th Cir. Sept. 26, 1996). This includes the Government's right to present evidence of the details of plea agreements with its witnesses, including those witnesses' promises to testify truthfully. United States v. Henderson, 717 F.2d 135, 138 (4th Cir. 1983) (no error in Government's eliciting evidence of promise to testify truthfully made in plea agreement, whether or not defense intends to use plea agreement to impeach witness's credibility), cert. denied, 465 U.S. 1009 (1984).

4

In the instant case, there was no bolstering or vouching. The Government neither gave personal assurances that its witnesses were trustworthy nor indicated that information not presented to the jury supported the witnesses' testimony. The Government merely elicited testimony as to the witnesses' plea agreements, their promises to testify truthfully, and their assurances that they were indeed telling the truth. Such testimony was proper, especially considering that the strategy of most defense counsel involved was to expose the bias and unreliability of these witnesses.

IV.

McCoy next asserts that the court improperly permitted the Government's investigative agent to testify regarding the background of his investigation. We find that the trial court did not abuse its broad discretion in permitting the agent to testify regarding his duties and actions in investigating the case. See Lewis, 10 F.3d at 1089.

V.

Finally, McCoy raises claims of ineffective assistance of trial counsel. Such claims, however, may not be raised on direct appeal unless it conclusively appears from the record that defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied , 503 U.S. 997 (1992). McCoy's claims of ineffective assistance are largely based on his contentions that counsel failed to object to the alleged substantive errors previously discussed. As those claims are without merit, we find that the record does not conclusively establish counsel's ineffective assistance.

VI.

Accordingly, we affirm McCoy's conviction. In addition, because McCoy has raised no appellate issues regarding his§ 2255 motion, we affirm the final order of the district court in that proceeding as well. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5